## WILSON *v.* JAMIESON.

Unless an objection to the filing of an amended *narr.* appears on the record, consent will be presumed.

After an award for *defendant*, plaintiff may amend his *narr.* by correctly describing the note sued on.

An addition to a promissory note, if afterwards assented by the drawer, is immaterial.

*Semble*, judgment will not be reversed because evidence is admitted in rebuttal which might have been given in chief.

IN error from the Common Pleas of Fayette.

*Nov.* 2. Assumpsit on a note made 9th of October, 1840, by the defendant. The note offered in evidence was signed by " Fos-

ter, Nixon & Co., and John Wilson." On objection taken to the evidence, the plaintiff amended his narr. by describing the note as signed by Foster, Nixon & Co., and the same day by defendant as their security. There had been an award for defendant. The note was again objected to, but no reason assigned.

The defendant then proved that the words "attest this 9th of October, 1846," at the end of the note, had been inserted at Foster's request by the plaintiff, after its execution.

The plaintiff then proved defendant had admitted his liability on the note, after Foster's death.

The amendment of the narr., the admission of the note and of the "testimony offered in the order of rebutting," were the errors assigned.

*Davidson* and *Veech*, for plaintiff in error.—After an appeal from an award against the plaintiff, the amendment of the narr. was improper: Reitzel v. Franklin, 5 Watts & Serg. 33; Winder v. Northampton Bank, 2 Barr, 446; Tryon v. Miller, 1 Whart. 11. The declaration entirely changed the cause of action, and the note was not evidence under the original narr., which was on a several note, while this was joint.

*Howell*, contrà.—The rule contended for only applies where sureties are interested; and besides, there is no exception, and the rule in relation to exceptions to evidence should apply here: Powell v. Sedgwick, 5 Whart. 336; Drexel v. Man, 6 Watts & Serg. 345. Amendment was in all other respects proper: 15 Serg. & Rawle, 82; 4 Watts & Serg. 143; 1 Rawle, 149; 4 Barr, 242.

*Nov.* 10.   COULTER, J.—It does not appear from the record that the defendant below made any objection, or took any exception, to filing the new narr. Now, although it may not be necessary to tender a bill of exceptions in form, yet it would seem reasonable and sensible that some evidence ought to be furnished by the record, that it was not done with consent of defendant. When no objection appears, the most natural inference is, that it was done with the assent or silent acquiescence of the party; and the old rule is that silence gives consent. If we were to adopt the contrary conclusion, that which transpired in the court below, and to which there was no objection, might afterwards, contrary to all propriety, be made the ground of reversal here. But the amendment did the plaintiff in error no harm—made his position no worse

than the old *narr.*, nor exposed him to any greater peril than beset him before the new one was filed.

The note might have been received in evidence under the old *narr.* as the pleadings stood. This is a sufficient answer to the error assigned, that no amendment altering the ground of action, so as to require from the defendant a different defence, ought to be permitted, after award under the compulsory arbitration act. Because, in fact, the new *narr.* was nothing more than varying the description of the same note. The entry is, the plaintiff asked leave to amend by describing the note properly, which is granted. The mere forms and trimmings were more suitably adjusted, but the old garment was there and the same.

As to the second error assigned, I merely state that the note was properly admitted in evidence; it was duly proved by the subscribing witnesses, and I cannot perceive any possible reason why it ought to have been excluded from the jury. It was their province to determine whether the words of addition, as alleged by defendant, that is the date, were authorized and adopted by defendant, even if they were not in the note at the time of signature. It was admissible under the new *narr.*, and would have been admissible under the old, according to the pleas of the defendant.

The third error assigned is not of sufficient moment to disturb the judgment. The evidence might be considered as rebutting, for the reason given by the court, viz.: That it conduced to show that the defendant authorized the addition of the date to the note; although at the same time it might be good evidence in chief. This thing of reversing a judgment, merely on account of the order in which evidence otherwise competent is received, has little favour in my judgment.

Judgment affirmed.